IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID H. JACOB,

                Plaintiff,

      vs.

ROSALYN COTTON, Chairperson, Nebraska Board of Parole; MARK T. LANGAN, Member, Nebraska Board of Parole; ROBERT TWISS, Member, Nebraska Board of Parole; LAYNE GISSLER, Member, Nebraska Board of Parole; VIRGIL J. PATLAN, Nebraska Board of Parole; and HABIB OLOMI, Member, Nebraska Board of Parole,

                Defendants.

**8:22CV31**

**MEMORANDUM
AND ORDER**

Plaintiff, who is currently incarcerated at the Nebraska State Penitentiary ("NSP"), brings this 42 U.S.C. § 1983 action for declaratory and prospective injunctive relief against members of the Nebraska Board of Parole in their individual and official capacities. The court now conducts an initial review of the Complaint and its Supplement (Filings 1, 10) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff is serving a state-court sentence for three counts of second-degree murder and two counts of using a firearm in commission of the murders. The state district court sentenced Plaintiff to consecutive sentences of life imprisonment for each second-degree murder conviction and 6 to 20 years of imprisonment for each use conviction. The minimum sentence for second-degree murder, at the time

Plaintiff committed the offenses, was 10 years of imprisonment. *See* Neb. Rev. Stat. § 28-105 (Reissue 1971); Neb. Rev. Stat. § 28-304 (Reissue 1971). Plaintiff alleges that he was a first-time offender and had no prior criminal record.

Plaintiff became eligible for parole on January 17, 2015. Since that date, Plaintiff alleges he has been provided with annual "reviews" by the Board of Parole. At the relevant time, Plaintiff alleges the NSP was under an "overcrowding emergency," which requires that the Board of Parole "immediately consider or reconsider committed offenders eligible for parole who have not been released on parole." Neb. Rev. Stat. § 83-962(2) (Westlaw 2022). Upon such consideration, the Board "shall order the release of each committed offender unless it is of the opinion that such release should be deferred because":

(a) The board has determined that it is more likely than not that the committed offender will not conform to the conditions of parole;

(b) The board has determined that release of the committed offender would have a very significant and quantifiable effect on institutional discipline; or

(c) The board has determined that there is a very substantial risk that the committed offender will commit a violent act against a person.

Neb. Rev. Stat. § 83-962(3).

Plaintiff states that his 2020 "review" was originally scheduled for September, but it was "deferred" until October and then November because, according to the Board, there was "a need for additional information." (Filing 1 at CM/ECF pp. 3-4, 12, 13.) After the review actually occurred, the Board issued an Offender Board Review Notice dated November 5, 2020, deferring Plaintiff's parole because, "There is a need for additional information at this time." (Filing 1 at CM/ECF pp. 5, 14.) The Board failed to address the statutory conditions set forth in Neb. Rev. Stat. § 83-962(3) as a reason to defer Plaintiff's parole, but did note, "Violent crime—triple

2

homicide." Plaintiff claims he attempted to challenge this action in the Nebraska Supreme Court and the Lancaster County District Court, but both courts denied or "quashed" Plaintiff's request. (Filing 1 at CM/ECF pp. 6, 15, 16.)

Plaintiff had another parole "review" on November 4, 2021, attended by Defendants Langan and Olomi. After the hearing, the Board of Parole issued an Offender Board Review Notice deferring Plaintiff's parole until November 2022 for the reason "[t]hat there is a very substantial risk that you will commit a violent act against a person." (Filing 1 at CM/ECF pp. 7, 17.) Plaintiff claims he was "not HEARD nor given the opportunity to be HEARD on the issue of any future or potential violent acts against a person" in this review, nor was this issue mentioned or discussed. (Filing 1 at CM/ECF p. 6.) Plaintiff claims the Board's decision was arbitrary and erroneous because it did not consider the items it was statutorily bound to evaluate, as set forth in Neb. Rev. Stat. §§ 83-1,114 and -1,115 (Board must consider mental health, risk and needs assessment, and caseworker report, among other things).

For relief, Plaintiff requests a declaratory judgment that Defendants violated Plaintiff's Fourteenth Amendment right to due process of law because the Board of Parole's 2020 and 2021 review decisions were "arbitrary, erroneous, and statutorily inadequate" in that (1) the process did not allow Plaintiff to be heard on any "additional information" the Board allegedly lacked in order to reach a decision or on the issue of substantial risk of committing a violent act against a person; (2) the Board of Parole failed to make an adequate record of Plaintiff's review process; (3) Nebraska's parole-review process lacks any state-court corrective procedure; and (4) Plaintiff was not provided with a parole "hearing." (Filing 1 at CM/ECF p. 9.) Plaintiff also requests prospective injunctive relief enjoining Defendants from finding a "very substantial risk" that the Plaintiff "will commit a violent act against a person"; requiring Defendants to create a "transcribable verbatim 'record'" of every parole "review" proceeding and every parole "hearing," as required by Neb. Rev. Stat. § 83-1,111(1); providing parole-eligible offenders with "hearings" rather than "reviews" so that such offenders have the legal means to vindicate the violation

of their liberty interest in Nebraska's parole procedures, as required by Neb. Rev. Stat. § 83-962(3); requiring that all decisions of the Board of Parole be made by at least three members, as required by Neb. Rev. Stat. §§ 83-196 and 83-1,111(2); and providing inmates access to their inmate files prior to every proceeding before the Board of Parole. (Filing 1 at CM/ECF p. 10; Filing 10 at CM/ECF p. 6).

Finally, Plaintiff asks the court to declare that the following state statutes violate his right to due process: Neb. Rev. Stat. §§ 83-1,125.01 (violates right to have access to inmate file before every proceeding of the Board of Parole); 83-192(1)(f) and 83-1,114(1)(b) (violates right to due process and separation of powers and constitutes ex post facto law by permitting arbitrary increase of severity of Plaintiff's sentence by Board of Parole); and 83-4,122(9), 83-1,114(1), 83-962(3) (creates evidentiary standard of "substantial" and "very substantial" that Board of Parole must apply in its decision-making). (Filing 10 at CM/ECF pp. 5-6.)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

4

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Plaintiff is not challenging the validity or length of his confinement but, rather, the procedure followed by the Board of Parole in evaluating Plaintiff's eligibility for parole. Prisoners are permitted to bring actions for declaratory and injunctive relief challenging state parole procedures as violative of the Constitution under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 76, 82 (2005) (review under section 1983, as opposed to habeas proceedings, was permitted when success for petitioners would not mean immediate release from confinement or shorter stay in prison; rather, it would mean new parole-eligibility review which may or may not result in shortened prison term); *see also Jacob v. Cotton*, No. 4:20CV3107, Filing 82 (D. Neb. June 10, 2022) (section 1983 action analyzing whether Plaintiff's Offender Review Interview complied with due-process requirements, whether Review was constitutionally deficient because it did not provide legal means to challenge Parole Board's factual findings, whether Parole Board's deferral of Offender Review required majority vote by the Board, and whether Board violated due process when it deferred parole). Therefore, the court concludes that Plaintiff's claims will be allowed to proceed to service of process.[1] Accordingly,

---

[1] The court's decision to allow Plaintiff's claims to proceed does not constitute an opinion on the merits of Plaintiff's claims or potential defenses thereto.

5

IT IS ORDERED:

1.      For service of process on all Defendants in their official capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing 1) and Supplemental Complaint (Filing 10) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve all named Defendants in their official capacities at the Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02.[2]

2.      For service of process on all Defendants in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Nebraska Board of Parole, Correctional Services Building, Regional Center Campus, West Prospector Place & Folsom Streets, Building #1, First Floor, Lincoln, NE 68522," and forward them together with a copy of the Complaint (Filing 1) and Supplemental Complaint (Filing 10) and a copy of

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve all Defendants in their individual capacities at the Nebraska Board of Parole, Correctional Services Building, Regional Center Campus, West Prospector Place & Folsom Streets, Building #1, First Floor, Lincoln, NE 68522.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

3.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4.      Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this Memorandum and Order to complete service of process. The Clerk of Court shall set a pro se case-management deadline accordingly.

DATED this 28th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge